UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

              Plaintiff,

v.                                              Case No. 18-CR-20241
                                                    Honorable Thomas L. Ludington

MORRIS JAMES YOUNG,

              Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE
WITH PREJUDICE**

On September 18, 2018, Defendant Morris James Young pled guilty to one count of distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1). ECF No. 23. He was sentenced to 130 months imprisonment. ECF No. 29. On July 15, 2020, Defendant moved *pro se* for compassionate release on account of the COVID-19 pandemic and requested the appointment of counsel to represent him. ECF Nos. 41, 42. Plaintiff, the United States of America (the "Government"), responded on August 13, 2020. ECF No. 44. On September 3, 2020, Defendant filed a letter renewing his motion for compassionate release and his request for counsel. ECF No. 45. Defendant is currently housed at Federal Correctional Institution, Milan ("FCI Milan") in Washtenaw County, Michigan. For the reasons stated below, Defendant's motion will be denied with prejudice, and his request for the appointment of counsel will be denied as moot.

**I.**

Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), which provides:

> The court may not modify a term of imprisonment once it has been imposed except…upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment… after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that…extraordinary and compelling reasons warrant such a reduction…and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission

18 U.S.C. § 3582(c)(1)(A). The statute provides three inquiries that must be addressed in resolving Defendant's motion for compassionate release. First, whether Defendant fully exhausted his administrative remedies with the Bureau of Prisons (the "BOP"). Second, whether a sentence reduction is warranted in consideration of the factors set forth in 18 U.S.C. § 3553. Finally, whether "extraordinary and compelling reasons warrant such a reduction" and whether the reduction is consistent with the applicable Sentencing Commission policy statements. Each inquiry will be addressed in turn.

### A.

As explained in the statute, before a court may consider an inmate's request for a reduced sentence under 18 U.S.C. § 3582, the inmate must first exhaust his administrative remedies with the BOP or wait 30 days after making such a request. The Sixth Circuit has explained that:

> By creating a compassionate-release option in the First Step Act, Congress gave inmates an option to seek early release on health grounds. The seriousness of COVID-19 and its spread in many prisons make it all the more imperative that the prisons have authority to process these applications fairly and with due regard for the seriousness of each inmate's risk. Free-floating exceptions to the rule, available to anyone willing to go to federal court first, will not help that cause.

*United States v. Alam*, 2020 WL 2845694, at *4 (6th Cir. June 2, 2020). Defendant alleges that on May 17, 2020, he sent an electronic request for compassionate release to the Warden. ECF No. 45 at PageID.207. The Government confirms this account and states that "the request appears to have

been denied by the BOP." ECF No. 44 at PageID.192. Thus, the Government has conceded exhaustion. Accordingly, Defendant has exhausted his administrative remedies with the BOP.

**B.**

The next consideration is whether the sentence reduction is warranted under the factors of 18 U.S.C. § 3553(a). They are as follows:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for--
>
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines…
>
> (5) any pertinent policy statement…
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). Defendant's underlying offense is the distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1). ECF No. 23. Drug-related offenses are serious, and Defendant has served only a fraction of his 130-month sentence. Additionally, this was not Defendant's first drug-related offense. According to his Presentence Investigation Report ("PSR"), Defendant was convicted of cocaine-related offenses in 1993, 1997, and 2009. Furthermore, as explained in

Section I.C.2. below, Defendant's lengthy criminal history demonstrates that he would be a danger to others or the community if released. Accordingly, under the § 3553 factors, Defendant is not entitled to a sentence reduction.

## C.

The next inquiries to be resolved are whether "extraordinary and compelling reasons warrant such a reduction" and whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Sentencing Commission promulgates the United State Sentencing Guidelines ("U.S.S.G."). The applicable policy statement is found in U.S.S.G. § 1B1.13, which provides:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment…if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that--
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction;…
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13. Defendant fails to show an extraordinary and compelling reason for release and that he would not pose a danger to others or the community if released.

## 1.

The commentary of the policy statement provides additional guidance about which circumstances qualify as extraordinary and compelling reasons. It provides:

> [E]xtraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) Medical Condition of the Defendant.--

     (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

     (ii) The defendant is--

          (I) suffering from a serious physical or medical condition,

          (II) suffering from a serious functional or cognitive impairment, or

          (III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.--The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.--

    (i)    The death or incapacitation of the caregiver of the defendant's minor child or minor children.

    (ii)    The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.--As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13.

    Defendant is a 59-year-old male that suffers from diabetes, hypertension, and a heart murmur that "conflicts with [his] respiratory system," causing shortness of breath. ECF No. 45 at PageID.207. Defendant's medical conditions put him at an increased risk of developing serious

COVID-19 symptoms. ECF No. 44 at PageID.200–01. Even so, a "generalized risk of contracting COVID-19 and potentially developing the more severe symptoms is not akin to the type of 'extraordinary and compelling reasons' justifying compassionate release." *United States v. Peaks*, No. 16-20460, 2020 WL 2214231, at *2 (E.D. Mich. May 7, 2020). Furthermore, the Government claims—without objection from Defendant—that Defendant's medical conditions are managed by medication and regular care.[1] ECF No. 44 at PageID.202. Defendant has not shown that he would receive better care or otherwise be safer outside FCI Milan. Consequently, Defendant has not stated a "terminal illness" or "serious physical or medical condition," even in conjunction with the risk of COVID-19. *See United States v. Jeffers*, No. CR13-3033-LTS, 2020 WL 3100842, at *6 (N.D. Iowa June 11, 2020) (denying compassionate release for 59-year-old defendant with Type II diabetes and hypertension where conditions were monitored by staff and managed with medication).

Subsections (B) and (C) are also inapplicable. Regarding subsection (B), Defendant is only 59 years old. With respect to subsection (C), Defendant is not alleging the death or incapacitation of the caretaker of his minor children, nor is he alleging the incapacitation of a spouse. *See* U.S.S.G. § 1B1.13. Accordingly, Defendant has not stated an extraordinary or compelling reason for release.

**2.**

The policy statement further directs the Court to consider the factors in 18 U.S.C. § 3142 in determining whether the defendant would be a danger to others or the community. The § 3142 factors are:

---

[1] Neither party has filed Defendant's medical records with the Court. Ordinarily, this might pose a problem, but Defendant has not disputed the Government's description of his medical care. Furthermore, even if Defendant's medical conditions satisfied subsection (A), compassionate release would not be warranted for reasons explained in Section I.C.2., *infra*.

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including--
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release…

18 U.S.C. § 3142(g).

These factors support the conclusion that Defendant would be a danger to others or the community if released. Defendant's lengthy criminal history stretches back nearly four decades to 1981, when he was convicted of voluntary manslaughter. Defendant was sentenced to six to 25 years in custody but paroled in 1985. In 1993, Defendant received his first drug-related conviction: delivery of cocaine. He was sentenced to lifetime probation but discharged in 1997. Later in 1997, Defendant was convicted of one count of delivery of cocaine and one count of maintaining a drug house. He received a sentence of five years to 20 years for the first count and a consecutive sentence of 14 months to 24 months for the second count. He was paroled in 2002. In 2004, Defendant was convicted of one count of obstructing a police officer and sentenced to 45 days in custody. On January 18, 2008, Defendant was arrested for selling cocaine base to a confidential informant. He was released on bond on August 19, 2008. On January 20, 2009, Defendant was again arrested for selling cocaine base to a confidential informant. Between the two cases,

Defendant was convicted of three counts of delivery of cocaine and one count of maintaining a drug house. He was paroled in 2015, and his parole was discharged in 2016. In 2018 Defendant was convicted of the underlying offense: distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1).

While Defendant's violent offenses are now quite removed, "[t]he concern about safety is to be given a broader construction than the mere danger of physical violence. Safety of the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community." *United States v. Cook*, 880 F.2d 1158, 1161 (10th Cir. 1989) (internal quotation marks omitted). Consequently, "drug trafficking is a serious offense that, in itself, poses a danger to the community." *United States v. Stone*, 608 F.3d 939, 947 (6th Cir. 2010). Defendant's criminal history is severe and suggests a habitual pattern of drug trafficking, undeterred by previous arrests and convictions. Defendant has not addressed his criminal history nor provided a convincing reentry plan. Accordingly, Defendant has failed to demonstrate that he would not be a danger to others or the community if released.

## II.

Defendant's request for the appointment of counsel is premised solely upon his motion for compassionate release. ECF No. 41. Accordingly, Defendant's request for the appointment of counsel will be denied as moot.

## III.

Accordingly, it is **ORDERED** that Defendant Morris James Young's motion for compassionate release, ECF No. 42, is **DENIED WITH PREJUDICE.**

It is further **ORDERED** that Defendant's request for the appointment of counsel, ECF No. 41, is **DENIED AS MOOT**.

Dated: September 28, 2020    s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Morris James Young** #56542-039, MILAN FEDERAL CORRECTIONAL INSTITUTION, Inmate Mail/Parcels, P.O. BOX 1000, MILAN, MI 48160 by first class U.S. mail on September 28, 2020.

s/Kelly Winslow
KELLY WINSLOW, Case Manager